# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00630-GCM

| | |
|---|---|
| LAURA YOUNGBLOOD, | |
| Plaintiff, | |
| v. | **ORDER** |
| KILOLO KIJAKAZI, | |
| Defendant. | |

**THIS MATTER** comes before the Court on cross-motions for summary judgment by the Plaintiff (ECF No. 18) and Defendant (ECF No. 20), along with the parties' briefs and exhibits (ECF No. 19, 21–22). The matter is ripe for disposition. The Court has considered the parties' arguments, the administrative record, and the applicable authorities. For the reasons discussed below, the Court will grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and reverse the decision of the Commissioner.

## I.   BACKGROUND

Laura Youngblood is a 44-year-old woman. In June 2015, Youngblood applied for a period of disability and disability insurance benefits under the Social Security Act. In her application, Youngblood claimed disability based on fibromyalgia, Raynaud's syndrome, depression, anxiety, obstructive sleep apnea, daytime insomnia, bilateral carpal tunnel syndrome, migraines, attention deficit disorder, thyroid issues, and heart issues. The Social Security Administration denied the application initially and upon reconsideration. After a hearing before an administrative law judge (ALJ), the ALJ issued a decision concluding that Youngblood was not disabled within the meaning of the Social Security Act. On appeal to the agency, the Appeals Council remanded the case. A

new hearing was held on October 31, 2019. Youngblood and a vocational expert both testified at that hearing. On March 31, 2020, the ALJ once again concluded that Youngblood was not disabled. Youngblood appealed. The Appeals Council denied review on September 17, 2020. Youngblood sought judicial review in this Court, pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

A District Court reviewing a final decision of the Commissioner of Social Security may consider only two things: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Although this threshold is not high, it requires "more than a mere scintilla of evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021). In reviewing for substantial evidence, a District Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

## III. DISCUSSION

### a. The Social Security Process

The Social Security Administration employs a five-step process to determine whether a claimant is disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4) (2021). First, the Commissioner determines whether the claimant is engaged in substantial gainful activity, i.e., whether they are working. Next, the Commissioner considers whether the claimant has a severe impairment, or impairments that are severe in combination. Then the Commissioner considers "the Listings," a category of impairments that are so severe that the claimant is automatically deemed

2

to be disabled. Fourth, the Commissioner determines the claimant's "Residual Functional Capacity" (RFC), defined as what a claimant "can still do despite his limitations." *Id.* § 404.1545(a). Finally, the Commissioner considers whether the claimant can perform other jobs in the local or national economy. The plaintiff carries the burden at the first four steps; the government carries the burden at the last. *Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015).

Youngblood raises two arguments on appeal. First, she claims that the ALJ gave insufficient weight to the opinion of a treating physician. Second, she claims that the ALJ utilized an RFC that was not backed by substantial evidence. As the Court agrees with the first argument, it will begin and end there.

### b. Treating Physician Rule

Youngblood argues that the ALJ erred in according only "little weight" to the opinions of Dr. Charity Karwowski. *See* ECF No. 19 at 11. Dr. Karwowski treated Youngblood for fibromyalgia, chronic fatigue syndrome, and other conditions starting in 2014. She also provided three medical source statements—in January 2016, October 2016, and March 2020—indicating her opinion that Youngblood had severe functional restrictions.

The ALJ gave those three opinions little weight. He wrote that Dr. Karwowski's opinions "are not consistent with her own treatment notes," but did not expressly identify any inconsistency. *See* A.R.[1] 22. The ALJ also pointed to inconsistencies between the medical source statements and other objective evidence of record, including Youngblood's testimony at the hearing. Specifically, Dr. Karwowski wrote that (1) Youngblood could not drive; and (2) Youngblood required an assistive device when walking or standing. *Id.* Youngblood testified, however, that she had driven herself to her hearing and that she did not require an assistive device at all times. Finally, the ALJ

---

[1] Citations to A.R._ are to the Administrative Record.

3

observed that Dr. Karwowski's treatment notes lacked "longitudinal objective findings," and in some cases were not supported by objective evidence. For example, Dr. Karwowski did not document objective findings related to her opinion that Youngblood was unable to lift more than four pounds. *Id*.

Youngblood argues that the ALJ's decision to give "little weight" violated the "treating physician rule." Under that rule, an ALJ must give controlling weight to a treating physician's opinion on the nature and severity of an impairment if the opinion is (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) not inconsistent with other substantial evidence in the record.[2] *Arakas v. Comm'r*, 983 F.3d 83, 106 (4th Cir. 2020). The rule is a "robust one": an ALJ may not disregard an opinion because it lacks sufficient support in the record. *Id*. at 107. Instead, controlling weight may be withheld "only if there is persuasive contradictory evidence." *Id*. at 107 (citing *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987)).

When a treating physician's opinion is not controlling, an ALJ is still required to consider six factors in order to decide the appropriate weight to be given to the opinion:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) supportability, i.e., the extent to which the treating physician presents relevant evidence to support the medical opinion; (4) consistency, i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to issues related to his or her area of specialty; and (6) any other factors raised by the parties which tend to support or contradict the medical opinion.

*Dowling*, 986 F.3d at 384–85. Although the ALJ need not "set forth a detailed factor-by-factor analysis . . . it must nonetheless be apparent from the ALJ's decision that he meaningfully

---

[2] 20 C.F.R. § 404.1527, which encompasses the treating physician rule, has been replaced by 20 C.F.R. § 404.1520(c). However, the old rule continues to apply to claims filed before March 27, 2017. Because Youngblood filed her application in 2015, the treating physician rule applies to her claim.

considered *each* of the factors before deciding how much weight to give the opinion." *Id*. (emphasis in original).

The Court agrees with Youngblood that the ALJ's discussion of Dr. Karwowski ran afoul of the treating physician rule. The ALJ did not err in declining to afford *controlling* weight to Dr. Karwowski's opinions because they were inconsistent with Youngblood's testimony about driving and assistive devices. However, the ALJ failed to consider each of the Section 404.1527(c) factors in determining what weight to give the opinion. *See Dowling*, 986 F.3d at 385. The opinion discusses the supportability and consistency of Dr. Karwowksi's opinions, but does not mention any of the other four factors. *See* A.R. 22. Because the "failure to engage meaningfully with the § 404.1527(c) factors . . . frustrates" this Court's review, remand is necessary.[3] *See Triplett v. Saul*, 860 F. App'x 855, 865 (4th Cir. 2021).

## IV. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 18) is **GRANTED**. Defendant's Motion for Summary Judgment (ECF No. 20) is **DENIED**. The decision of the Commissioner is **REVERSED**, and the matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g). The Clerk is respectfully directed to send copies of this Memorandum and Order to counsel for the parties.

Signed: November 22, 2021

Graham C. Mullen
United States District Judge

---

[3] The Commissioner did not argue harmless error. Because the government bears the burden of establishing that error is harmless, the Court will not consider whether the ALJ's failure to consider each of the Section 404.1527(c) factors before assigning a weight was harmless. *See Thomas v. Berryhill*, 916 F.3d 307, 314 n.7 (4th Cir. 2019).